■ JOHN P. HANLEY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66533.) — Appeal from an order of the Court of Claims (Murray, J.), entered February 10, 1983, which dismissed the claim. ¶ Claimant was injured in January, 1981 while employed by the State of New York at the Great Meadow Correctional Facility in Comstock, Washington County. A notice of claim and claim were timely filed in accordance with subdivision 3 of section 10 of the Court of Claims Act. Issue was thereafter joined in May, 1982. Pursuant to the rules of practice of the Court of Claims (22 NYCRR 1200.14, 1200.15), the claim was placed on the Trial Calendar following joinder of issue. Two months later, in August, 1982, claimant's attorney withdrew from the case. The case remained in limbo until February, 1983, at which time the Court of Claims, on its own motion and without notice, dismissed the claim for failure to prosecute (Court of Claims Act, § 19, subd 3; 22 NYCRR 1200.17). Claimant appeals this dismissal. On appeal, the State argues that this court

lacks jurisdiction to entertain the appeal. We agree. The appropriate and sole method available to challenge the dismissal of a claim for failure to prosecute is by way of motion to the Court of Claims (22 NYCRR 1200.17 [a]; see, also, Siegel, NY Prac, § 293, p 348). The Court of Claims may restore the case to the calendar for good cause shown (Court of Claims Act, § 19, subd 3). ¶ It should be noted that the due process rights which claimant contends were denied him by the order of the Court of Claims will be available to him in a motion to restore. ¶ Appeal dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.